# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LOUISE MICHAUD,**

                   **Plaintiff,**

**-vs-**                                        **Case No.  6:15-cv-310-Orl-DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

                   **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for disability insurance benefits.  For the reasons set forth herein, the decision of the Commissioner is **REVERSED** and the matter is **REMANDED** for additional proceedings**.**

## Procedural History

Plaintiff applied for benefits, alleging that she became unable to work on September 13, 2011 (R. 159-63). The agency denied Plaintiff's applications initially and upon reconsideration, and she requested and received a hearing before an administrative law judge ("the ALJ").  On January 30, 2014, the ALJ issued an unfavorable decision, finding Plaintiff to be not disabled through that date (R. 5-17).  The Appeals Council declined to grant review (R. 1-4), making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed her Complaint (Doc. 1), and the matter is fully briefed and ripe for review pursuant to 42 U.S.C. §405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to fibromyalgia, chronic fatigue, osteoarthritis, spondylolisthesis, chronic pain in the back, hips, head, neck, shoulder, arm, hand and finger,

depression, panic attacks, anxiety, "trouble concentrating, memory & learning," difficulty sleeping, and "trouble standing, walking, sitting, moving, using hands, lift" (R. 73, 179).

*Summary of Evidence Before the ALJ*

Plaintiff was sixty four years old on the date of the ALJ's decision (R. 159), with a high school and vocational education (R. 42, 180) and past relevant work as a medical code biller (R. 43-44).

In the interest of privacy and brevity, the medical evidence relating to the pertinent time period will not be repeated here, except as necessary to address Plaintiff's objections.  In addition to the medical records and opinions of her healthcare providers, the record includes the  testimony of Plaintiff and a Vocational Expert; written forms and reports completed by Plaintiff; and opinions from non-examining state agency consultants.

By way of summary, the ALJ determined that the claimant has the following severe impairments: disorders of the spine; degenerative disc disease, lumbar spine; lumbosacral radiculopathy; osteoarthritis; and fibromyalgia (20 CFR 404.1520(c)) (R. 10), but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 11-12).  The ALJ next found that Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) with limitations. The claimant is limited to no more than occasional climbing of stairs, ropes, ladders or scaffolds; and she must avoid moderate exposure to vibrations and work hazards such as dangerous machinery and unprotected heights.

(R. 12).

Relying on the assistance of the Vocational Expert, the ALJ determined that Plaintiff could perform her past relevant work, and was therefore not disabled (R. 16-17).

# Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff asserts that the ALJ failed to apply the correct standards to the opinions of Plaintiff's treating physicians and the state agency consultants and failed to properly evaluate her allegations of pain and limitations. The Court examines these issues in the context of the sequential assessment used by the ALJ.

### *The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R.

§ 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. § 404.1520(f).  The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  Here, the ALJ made his decision at the fourth step and, therefore, the burden was Plaintiff's, at all relevant times.

Plaintiff contends that the ALJ failed to adequately evaluate the opinions of her treating physicians, Dr. Buchoff and Dr. Thebaud, and erred in giving great weight to the opinions of two non-examining state agency consultants.  Plaintiff asserts that this error also infected the ALJ's analysis of Plaintiff's credibility.  While the Court does not agree with all of the contentions made by Plaintiff, upon review, error is plain, and the administrative decision must be reversed.

*Evaluating Medical Opinions*

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)  When evaluating a physician's opinion, an

ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997)*; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. *Lewis,* 125 F.3d at 1440.

By contrast, a consultative examiner's opinion is not entitled to the deference normally given a treating source. *See* 20 C.F.R. § 404.1527(c)(2); *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1161 (11th Cir. 2004) (noting a one-time examiner's opinion is not entitled to great weight). Nonetheless, all opinions, even those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. *See* 20 C.F.R. §§ 404.1527, 416.927, and *Winschel*.

Dr. Howard Buchoff was Plaintiff's treating rheumatologist. On April 18, 2012, Dr. Buchoff completed a residual functional capacity statement on which he indicated Plaintiff could not perform even sedentary level work (R. 634-636). Dr. Thebaud was her psychiatrist. In March 2012, Family Psychiatry Services completed a medical questionnaire which noted that: the claimant has depression, with no evidence of delusions, suicidal/homicidal thoughts/ideations, or hallucinations; she has difficulty concentrating; she has difficulties with short term memory; she has "mild cognitive impairment;" she is able to take care of basic needs; and she is "not able to work, currently incapacitated." (R. 15). In his decision, the ALJ discounted both opinions, noting:

In the instant case, the undersigned finds both doctors' medical source statements unsupported by the objective medical evidence as a whole, including their own (above-summarized) treatment records which note the claimant having no more than "mild" limitations in mental health functioning; and the claimant demonstrating moderately positive response to prescribed treatment/medications (Exhibits 8F, 16F and ll F). Therefore, the undersigned accords little weight to both doctors' medical opinions accordingly.

(R. 16).

Plaintiff contends that this rationale is insufficient and is not supported by substantial evidence. The Court agrees, with respect to Dr. Buchoff.

As stated by the ALJ, the opinion of Dr. Buchoff was accorded little weight because it was "unsupported by the objective medical evidence as a whole" including "above-summarized" treatment records in which Plaintiff demonstrated "moderately positive response to prescribed treatment/medications." The ALJ summarized the treatment notes of Dr. Buchoff as follows:

[T]he claimant's treating pain management physicians, Howard Buchoff, M.D., (2011-2012) and Teddrick Dunson, M.D., (2011-2013) from Tampa Pain Relief Center, have similarly reported *only mild to moderate symptoms* in their respective treatment notes (Exhibits 8F, l 7F, 27F and 34F). Specifically, according to a progress note dated March 2013, Dr. Dunson reported the claimant's chief complaints of low back pain and radiating leg pain; and that *while on medication, the claimant reported pain levels of only '4'* where on a pain rating scale of 1-l0, '10' means unbearable pain requiring emergent medical attention, and 'l' meaning only mild and tolerable symptoms of pain (Exhibit 34F).

Also during this March 2013 follow-up, Dr. Dunson reported the following relevant findings during the course of medical examination: *tenderness to palpation in lumbar/cervical spine; positive spasms; positive lumbar/cervical paraspinal muscles*; gait within normal limits; normal gait without assistance; *limited range of motion (ROM) in lumbar/cervical region*; 5/5 in upper extremity grip and strength, bilateral; and no noted adverse side effects from prescribed medications. Overall, Dr. Dunson concluded lumbar/cervical radiculitis, spondylosis, fibromyalgia, and chronic pain syndrome in his medical assessment; he prescribed appropriate pain medication; and he recommended follow-up in one month (Exhibit 34F). Similar to above, this March 2013 progress remains largely consistent with other pain management progress received from both Drs. Buchoff and Dunson. *This includes only mild-moderate pain levels reported while on medication; consistent diagnoses, medical assessments and physical exam results; and no substantial changes in the claimant's prescribed treatment/medication regimen* (Exhibits 8F, l 7F, 27F and 34F).

(R. 13-14 emphasis added).

As pointed out by Plaintiff, the conclusion that Plaintiff reported "only" mild to moderate pain levels, and experienced a "moderately positive" response to (and no substantial changes in) her treatment and medication is simply not supported by the treatment records.  Treatment notes dated August 8, 2011, just prior to the alleged onset, show complaints of moderately severe pain and Dr. Buchoff prescribed injections, increased her gabapentin and discontinued tramadol (R. 488). The gabapentin was increased again on October visit, but in November, was discontinued as "ineffective." (R. 487).  Meanwhile, Dr. Dunson, a pain management specialist, initially prescribed a Butrans patch (R. 583).  Plaintiff reported moderate pain on return visit in October, and the number of patches was increased (R. 584-586).  By November visit, Plaintiff reported the patches were not working well and reported her pain as 6 with medications, and moderate to severe (R. 587).  She was using a TENS unit.

By December, severe pain was reported (R. 590) and Dr. Dunson prescribed Opana 10 mg three to four times per day and methadone 5 mg three times per day (R. 593).  Her pain with medications was a 6 in January 2012 (R. 595).  By February, her pain was a 5 on medications, and Dr. Dunston changed her prescription to Opana ER (extended release) 20 mg two times per day (R. 598-601).  Pain was at level 5 again in March (R. 604) and the dosage was  increased to 30 mg (R. 604), and later to 40 mg (R. 605).  By November 2012, her pain was a 5 and physical therapy was added (R. 753-755).  Dr. Dunson supplemented her regimen with oxymorphone 10 mg three to four times per day (R. 753).  In December 2012, Plaintiff reported that the medication helped (R. 751).

In January 2013, Plaintiff's pain was back up to a 5, with medication  (R. 748-750).  By February visit, Plaintiff was complaining of increased pain and weakness in the legs (R. 746-47) and by March, Dr. Dunson added Percocet to her medication regimen (R. 742).  Plaintiff underwent a series of epidural steroid injections (R. 739, 735, 730) without much success.  She was then evaluated by an orthopedic surgeon who summarized her treatment as follows:

> Patient is a 64 year-old female with a history of back pain, but this has gotten worse over the last year. Bilateral leg sciatica with numbness and tingling was noted 1 year ago. This was soon followed by numbness in the left leg. The patient has had back pain for many years now but over the last 1-1/2 years the symptoms have gotten worse. She has complained of more severe claudication. Her pain is aggravated by walking and partially relieved by rest. She has tried pain medication but this only relieves it partially. Neither has physical therapy helped, it actually made the pain worse. She has had several series of epidural injections and nerve blocks, also this has not worked. Having tried and failed conservative treatment surgery was eventually advised.

(R. 828). Plaintiff eventually underwent a L5-S1 laminectomy and fusion on October 8, 2013 (R. 844-846).

A conclusion that Plaintiff's pain was mild to moderate and her treatment stable and without significant change is inaccurate. As the ALJ acknowledged (R. 12-13), Plaintiff was taking at least nine prescribed medications (including several narcotics) in varying dosages and also underwent physical therapy, injection therapy, and a lumber fusion and decompression procedure.  The course of her treatment and nature of the various modalities used is not consistent with a finding of a "moderately positive" response, by any fair measure.[1]  Because the rationale to discount the opinion of one of Plaintiff's treating providers is based, in part, on a conclusion that is not supported by substantial evidence, the decision must be reversed.[2]

The Court finds no error with respect to the weight given the opinion of Plaintiff's psychiatrist. Nonetheless, as remand is required for reconsideration of the opinion of Dr. Buchoff, the ALJ should revisit all of his conclusions regarding the opinion evidence, including the weight given to the opinions of state agency consultants, in light of his updated finding.

---

[1]The Commissioner does not address this issue in her brief, but presents only a bare bones summary of the ALJ opinion and the applicable regulations.  As the Court's task on review is to determine whether the ALJ properly applied the law and made conclusions which are supported by substantial evidence, a brief which contains no meaningful analysis of the issues raised by Plaintiff is of limited use to the Court.

[2]To be clear, the Court is not finding that the opinions of Drs. Dunson and Buchoff are entitled to great or, indeed, any weight. It is for the ALJ to make that finding in the first instance.  The Court holds only that *this* finding is not supportable under the appropriate legal standard.

*Credibility*

Plaintiff also contends that the ALJ erred in evaluating her credibility. A claimant may seek to establish that he has a disability through his own testimony regarding pain or other subjective symptoms. *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.* Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services,* 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained herein" (R. 15). As the credibility finding made by the ALJ is dependent, in part, on the unsupported characterization of the medical evidence, it must also be revisited, on remand.

## Conclusion

For the foregoing reasons, the Court finds that the decision of the Commissioner is not supported by substantial evidence and was not made in accordance with proper legal standards. As such, the decision is **REVERSED** and the matter **REMANDED** to the Commissioner, under sentence four of 42 U.S.C. §405(g), with instructions to: (1) properly address the treatment records and the opinions of Plaintiff's providers and reassess Plaintiff's residual functional capacity, based on all of

the evidence of record; then, if need be, (2) reassess Plaintiff's credibility and conduct such further proceedings as are necessary to issue a new decision based on substantial evidence and proper legal standards.  The Clerk is directed to enter judgment for the Plaintiff accordingly, terminate all matters and close the file.

   **DONE** and **ORDERED** in Orlando, Florida on June 3, 2016.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record